**Order Filed on August 17, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

By: Michael I. Assad (#338972023)
Law Office of Mike Assad, P.C.
923 Haddonfield Road, Suite 336
Cherry Hill, NJ 08002
609-808-3300
mike@assad.law
*Attorney for Plaintiff*

United States Bankruptcy Court
District of New Jersey

In re: Rayshawn Hawkins,
*Debtor*.

Rayshawn Hawkins,
*Plaintiff*,

v.

New Jersey Motor Vehicle Commission and Rosalie Johnson, in her official capacity,
*Defendants.*

| | |
|---|---|
| Case No.: | 26-16284-CMG |
| Adv. No: | 26-01363-CMG |
| Chapter: | 7 |
| Judge: | Gravelle |

**Order to Show Cause Why a Preliminary Injunction Should Not Issue Enjoining the Defendants to Restore the Plaintiff's Driving Privileges**

The relief set forth on pages two through three of this order is hereby **GRANTED**.

**DATED: August 17, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

**Order to Show Cause Why a Preliminary Injunction Should Not Issue Enjoining the Defendants to Restore the Plaintiff's Driving Privileges (continued)**

**THIS MATTER** having been opened to the Court by Michael I. Assad, attorney for Plaintiff Rayshawn Hawkins, on an application for an order to show cause with temporary restraints under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7065; and the Court having considered the Verified Complaint filed August 14, 2026; and it appearing that immediate and irreparable injury may result to the Plaintiff before Defendants New Jersey Motor Vehicle Commission and Rosalie Johnson can be heard in opposition; and for good cause shown; it is hereby **ORDERED** that:

1. The Defendants shall appear before this Court on August 25, 2026, at 2:00PM, in Courtroom #3, United States Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street Trenton, NJ 08608, to show cause why a preliminary injunction should not issue pending final judgment in this adversary proceeding enjoining the Defendants to restore the Plaintiff's driving privileges upon payment of the generally applicable restoration fee.

2. This order shall constitute original process in this adversary proceeding in lieu of a summons.

3. The Plaintiff shall serve this order, the Verified Complaint, and all application papers on the Defendants and the Attorney General of New Jersey by overnight courier within one day after the entry of this order.

4. Any opposition to the order must be filed and served on or before August 24, 2026.

5. If the Defendants do not file an objection, the order will be decided on the papers after the return date and the relief above will be granted by default, provided that the Plaintiff files proof of service and a proposed form of order.

6. No security is required under Fed. R. Bankr. P. 7065.

####