JENNIFER DAVENPORT
Attorney General of New Jersey
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 106
Trenton, New Jersey 08625
Attorney for State of New Jersey,
Motor Vehicle Commission

By: Thomas J. Swan (299612021)
Deputy Attorney General
(609) 376-2880
Thomas.Swan@law.njoag.gov

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>Rayshawn Hawkins,<br><br>Debtor. | Chapter 7<br><br>Case No.: 26-16284 (CMG) |
| Rayshawn Hakins,<br><br>Plaintiff,<br><br>v.<br><br>New Jersey Motor Vehicle Commission<br>And Roslie Johnson, in her official capacity,<br><br>Defendants. | Adv. Proc. No.: 26-01363 (CMG)<br><br>ANSWER |

Defendant, New Jersey Motor Vehicle Commission (the "Commission"), whose main office is located at 120 Stockton St., Trenton, New Jersey, 08611 by way of an Answer to Plaintiff's Complaint responds as follows:

1. Paragraphs 1 through 4 of the Complaint do not contain factual allegations requiring a response from the Commission. Furthermore, the Commission denies any and all legal assertions contained therein.

2. Paragraph 5 of the Complaint does not contain factual allegations requiring a response from the Commission.

3. The Commission admits the allegations contained in Paragraph 6 of the Complaint.

4. The Commission admits the allegations contained in Paragraph 7 of the Complaint to the extent that Ms. Johnson is the Acting Chief Administrator of the Commission. The remainder of Paragraph 7 does not contain factual allegations requiring a response from the Commission.

5. The Commission is currently without knowledge or information sufficient to form a belief as to Paragraphs 8 through 17 of the Complaint. Furthermore, the Commission denies any and all legal assertions contained therein.

6. The Commission admits the allegations contained in Paragraph 18 of the Complaint.

7. The Commission is currently without knowledge or information sufficient to form a belief as to Paragraphs 19 through 22 of the Complaint. Furthermore, the Commission denies any and all legal assertions contained therein.

8. The Commission denies the allegations contained in Paragraph 23 of the Complaint, and further denies any and all legal assertions contained therein.

9. Paragraphs 24 through 26 of the Complaint do not contain factual allegations requiring a response from the Commission. The Commission denies any and all legal assertions contained therein.

10. In response to Paragraph 27 of the Complaint, the Commission repeats each of the answers in the preceding paragraphs as if fully sets forth herein.

11. Paragraph 28 of the Complaint does not contain factual allegations requiring a response from the Commission. To the extent a response is required, the Commission denies any and all legal assertions contained therein.

12. The Commission denies the allegations in Paragraphs 29 and 30 of the Complaint any further denies any and all legal assertions contained therein.

13. In response to Paragraph 31 of the Complaint, the Commission repeats each of the answers in the preceding paragraphs as if fully sets forth herein.

14. Paragraph 32 of the Complaint does not contain factual allegations requiring a response from the Commission. To the extent a response is required, the Commission denies any and all legal assertions contained therein.

15. The Commission denies the allegations contained in Paragraphs 33 through 39, and further denies any and all legal asserts contained therein.

**FIRST SEPARATE DEFENSE**

The Complaint fails to state a claim upon which enumerated in Fed. R. Bankr. P. 7008, incorporating Fed. R. Civ. P. 8(c).

**SECOND SEPARATE DEFENSE**

At all times and in all respects MVC has acted reasonably with respect to the Plaintiff and in accordance with all controlling statutes, regulations, and constitutional requirements.

**THIRD SEPARATE DEFENSE**

The MVC's determinations with respect to Plaintiff are lawful, reasonable, and do not violate any statutory, regulatory, or constitutional provisions.

**RESERVATION OF SEPARATE DEFENSE (FIRST)**

The Division reserves the right, at any time, to move to dismiss the

Complaint and/or to move for Summary Judgment based on any applicable grounds enumerated in Fed. R. Bankr. P. 7012(b), incorporating Fed. R. Civ. 12(b).

Respectfully submitted,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Thomas J. Swan
Thomas J. Swan
Deputy Attorney General
Attorney for Defendant

Dated: August 26, 2026